MENEELY v. KINSER CONST. CO. (Supreme Court, Appellate Division, Third Department. January 22, 1909.) On motion for reargument. Motion denied. For former opinion, see 113 N. Y. Supp. 183.

SMITH, P. J. This motion seems to be made upon two grounds—the first, that the court, in its original decision, was in error in assuming that the act of the state in obstructing this stream was lawful, and therefore liability for any damage rested with the state, and not with the contractor. If this assumption be unwarranted, a reargument should be granted. We are not satisfied, however, that the assumption was not properly made. It is true that where land is appropriated by the state, or where structures or waters are appropriated, a map has to be filed and notice has to be served upon the owner of such land, structures, or waters. It is manifest, however, where it may be deemed necessary to obstruct a small stream, that it would be impossible to file a map which would indicate the riparian rights upon that stream, which would be affected by such obstruction or appropriation. Nevertheless we are of opinion that it is within the right of the state to so construct its canal, if it be deemed necessary, as to affect the riparian rights upon that stream. The liability of the state is clearly indicated, and provision for compensation made as to lands, structures, and waters appropriated. We are also of the opinion that chapter 147, p. 342, of the Laws of 1903, contemplates a liability in the state for damages such as have been here caused. In section 13 of the act an appropriation of $10,000,000 is made, to be paid by the Treasurer upon the warrant of the Comptroller "on the presentation of awards by the Court of Claims for compensation for lands appropriated as provided in section 4 of this act, or damages caused by the work of improvement hereby authorized." It will thus be seen that the Legislature contemplated that in the construction of the canal some damage would be caused which would not be covered by compensation for lands, structures, or waters appropriated. The plaintiff's counsel refers to the decision in Van Alstine v. Beldon, 41 App. Div. 123, 58 N. Y. Supp. 521, as holding a different rule. In that case in constructing the canal the contractor piled earth upon private land adjacent to the canal, which had not been appropriated in the manner provided for by the statute. The contractor was held liable for the damage, because the state had no right to use such land for any purpose until it was appropriated. The statute had made specific provision for appropriation of necessary land, which provision must be followed in order to give authority for its use. The distinction between that case and the case at bar is that such riparian rights upon this little stream as were damaged by the necessary obstruction

of the stream were not such as could be measured and appropriated within the statute but such as were, nevertheless, necessarily incidental to the work. The contractor in the case cited committed a trespass, because he used land which the state was not authorized to use. In the case at bar in following the state plan he necessarily obstructed the stream upon the state lands. This the state could do, subject only to its liability for incidental damages flowing therefrom. The contractor was protected by the right of the state The same distinction exists between the case of United Traction Company v. Ferguson Contracting Company, 117 App. Div. 307, 102 N. Y. Supp. 190, and the case at bar.

Another contention is that upon the state map there appears a ditch which it is claimed was intended to take care of the waters of Dead creek, and that therefore the state plan did not contemplate the obstruction of the waters of this creek, but made provision therefor. If so, the defendant cannot place its defense upon the right of the state to obstruct the waters, if it had so chosen. While the state maps were before us, and probably before the Trial Term, this ditch was nowhere referred to upon the trial or upon the argument, and upon the attention of counsel having been called thereto the following stipulation was made: "It is hereby stipulated that the following statement may be considered as added to the record on appeal herein: The ditch shown on sheets 3 and 4 of the plans of contract No. 27, near the edge of the land appropriated, marked four feet bottom and slope of sides one to one and a half, was on the original plan, but had no relation to nor connection with Dead creek; that thereafter it was abandoned, and the stakes were never set therefor for the contractor, and it was subsequently determined to take any streams crossing the canal under the canal by dive culverts and then ditches to Bond creek. This change of plan was made after the overflow for which the plaintiff claims damage. Dated November 17, 1908." Under this stipulation there was only one course for the court, and that was to assume that this ditch provided for in the plans was not intended to take care of the waters of Dead creek. Counsel now claims that he did not intend so to stipulate, and he presents proof to the effect that the original plan of this ditch was in fact to take care of the waters of Dead creek. Without this stipulation, however, I am doubtful whether the court should have made that assumption, however probable the facts seemed. As long as this ditch appearing upon the plan was not referred to on the trial nor in the argument in this court, it is probably fairer to all parties to let the case be retried, and upon the new trial it will be made clear by proof as to what was the purpose of this ditch. These views lead to the conclusion that the determination should stand. In the order denying motion for reargument plaintiff may insert a provision that he be relieved from his stipulation upon any new trial that may be had.